UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

v.

MALIK MATTHEWS

              Defendant.

**REPORT,
RECOMMENDATION
AND ORDER**

19-CR-00178(JLS)(JJM)

       Defendant is charged in an eight-count Indictment [1][1] with a variety of drug trafficking and firearm offenses. Before the court is the remaining portion of defendant's pretrial motion, seeking to suppress physical evidence (Bogulski Affirmation [37], ¶¶10-20),[2] and the government's cross-motion for reciprocal discovery (government's Response [39], p. 21), which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [25]. Having considered the parties' submissions [37, 39] and heard oral argument on April 20, 2020 [40],[3] the government's cross-motion for reciprocal discovery is granted, and I recommend that the motion to suppress be denied.

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]     At the April 20, 2020 oral argument, defendant's counsel confirmed that the remaining portions of defendant's pretrial motion [37] were resolved.

[3]     Defendant waived his appearance for the oral argument, which was conducted telephonically with the consent of counsel.

**DISCUSSION**

**A.    Defendant's Motion to Suppress Physical Evidence**

Defendant moves to suppress evidence seized pursuant to a May 31, 2019 search warrant issued by Erie County Court Judge James Bargnesi for 87 Grey Street in Buffalo, New York (Bogulski Affirmation [37], ¶¶10-19), and a July 24, 2019 search warrant issued by Magistrate Judge H. Kenneth Schroeder, Jr. for two cellular telephones seized from defendant's person on June 10, 2019, pursuant to a search incident to his arrest. Id., ¶20; government's Response [39], pp. 14-15.  Alternatively, he seeks a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Bogulski Affirmation [37], ¶19.  In response, the government argues that the motion, which was not accompanied by an affidavit (or declaration) from defendant, should be denied for lack of standing, and that the search warrants were otherwise lawfully issued. Government's Response [39], pp. 11-15.

It is well settled that "[a] defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched".  United States v. Marshall, 2012 WL 5511645, *1 (W.D.N.Y.), adopted, 2012 WL 5948782 (W.D.N.Y. 2012).  Indeed, each of my three Scheduling Orders issued in this case cautioned that "[a]ny motion to suppress . . . physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied". See  [27], ¶2; [31], ¶1; [36], ¶1.  Notwithstanding this clear requirement, defendant failed to submit an affidavit or declaration of standing in support of his suppression motion.

Instead, defendant appears to suggest that his standing can be established through law enforcement reports. *See* Bogulski Affirmation [37], ¶11 ("Matthews has standing to contest the search at 87 Grey Street because Buffalo Police Reports indicate that Mr. Matthews' address and place of residence is 87 Grey Street, giving him a possessory interest and a reasonable expectation of privacy at 87 Grey Street"). However, "[t]he law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge". United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995). Therefore, "defendants cannot rely on the government's position or theory to establish standing and must instead prove their expectation of privacy as to a particular search". United States v. Montemayor, 2013 WL 12205087, *1 (N.D. Ga. 2013). *See* United States v. Rivera-Figueroa, 2018 WL 7291428, *11 (W.D.N.Y. 2018), adopted, 2019 WL 244490 (W.D.N.Y. 2019) (citing cases).

Nor do I find any reason why defendant, who was already granted two extensions to file pretrial motions [31, 36], should be permitted to file a belated affidavit (or declaration) of standing. Fed. R. Crim. P. ("Rule") 47(d) requires the moving party to "serve any supporting affidavit *with the motion*" (emphasis added), not at a later date. To excuse defendant's failure would only cause further delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006); United States v. Lewis, 2018 WL 3195158, *2 (W.D.N.Y.), adopted, 2018 WL 1805554, *3 (W.D.N.Y. 2018) ("to excuse the Defendant's failure to [submit an affidavit (or declaration) of standing by the deadline] would undermine the public's interest in a speedy trial").

In any event, defendant's counsel acknowledged at oral argument that any affidavit of standing from defendant to contest the search of 87 Grey Street would be

irreconcilable with the affidavits submitted in June 2019 by defendant's mother, Tasha

Matthews, and then girlfriend, Shaela Patterson, stating that defendant resided at a different

address at the time of the search.  *See* Matthews Affidavit [14-1], ¶4; Patterson Affidavit [14-2],

¶¶4, 6.

        Moreover, even if defendant had standing to contest the searches, his conclusory

arguments that the search warrants were not supported by probable cause, without further

explanation, are insufficient. *See* <u>United States v. Fuentes</u>, 2012 WL 4754736, *3 (W.D.N.Y.),

<u>adopted</u> 2012 WL 4754744 (W.D.N.Y. 2012) (the defendant's "arguments are . . . largely

conclusory, boilerplate, undeveloped and bereft of any supporting case authority. To the extent

his arguments are raised in such a fashion, I consider them waived"); <u>Rivera-Figueroa</u>, 2018 WL

7291428 at *9.

        Defendant's equally conclusory arguments in support of his request for a <u>Franks</u>

hearing (Bogulski Affirmation [37], ¶19) also fall well short of the required showing for that

relief. *See* <u>United States v. Salameh</u>, 152 F.3d 88, 113 (2d Cir. 1998) ("[t]o be entitled to a

Franks hearing, a defendant must make a '*substantial preliminary showing*' that: (1) the claimed

inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard

for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable

cause finding" (emphasis added)).  Therefore, I recommend that the motion to suppress be

denied.

**B.**      **Government's Cross-Motions for Reciprocal Discovery**

        The government moves for reciprocal discovery pursuant to Rule 16(b).

Government's Response [39], p. 21.  It also seeks that "upon the District Court's setting a trial

date and accompanying Scheduling Order, that the defendant provide a summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence". Id.

"Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Since defendant has not opposed the government's motion, it is granted.


**CONCLUSION**

For these reasons, the government's cross-motion for reciprocal discovery (government's Response [39], p. 21) is granted, and I recommend that defendant's motion to suppress physical evidence (Bogulski Affirmation [37], ¶¶10-20) be denied. Unless otherwise ordered by District Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by May 5, 2020. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated:  April 21, 2020

                                                    /s/Jeremiah J. McCarthy
                                                    JEREMIAH J. MCCARTHY
                                                    United States Magistrate Judge